| B1040 (Form 1040) (12/15) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| JACKIE LOREDA COLLINS | HUGHES NETWORK SYSTEMS, LLC |

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) |
|---|---|
| SQUARE ONE LEGAL LLLC<br>OFIR RAVIV 10413<br>1001 Bishop Street, Suite 2850<br>Honolulu, HI 96813<br>O: (808) 201-6000 / F: (808) 650-3080 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ✔ Debtor ☐ U.S. Trustee<br>☐ Creditor ☐ Trustee ☐ Other | ☐ Debtor ☐ U.S. Trustee<br>☐ Creditor ☐ Trustee ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

This is an action for actual damages and coercive sanctions filed by the Debtor pursuant to Section 362 of Title 11 of the United States Code. Defendant has violated the automatic stay as set forth in 11 U.S.C. Section 362(a) and is in contempt of court for failing to comply with the automatic stay.

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☐ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☐ 13 – Recovery of money/property - § 548 fraudulent transfer | ☐ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65 – Dischargeability – other |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| | ☐ 71 – Injunctive relief – imposition of stay |
| **FRBP 7001(3) – Approval of Sale of Property** | ✔ 72 – Injunctive relief – other |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | |
| | **FRBP 7001(8) – Subordination of Claim or Interest** |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | ☐ 81- Subordination of claim or interest |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | |
| | **FRBP 7001(9) – Declaratory Judgment** |
| **FRBP 7001(5) – Revocation of Confirmation** | ☐ 91 – Declaratory judgment |
| ☐ 51 – Revocation of confirmation | |
| | **FRBP 7001(10) – Determination of Removed Action** |
| **FRBP 7001(6) – Dischargeability** | ☐ 01 – Determination of removed claim or cause |
| ☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | |
| ☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq. |
| ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ 20,000.00 |

Other Relief Sought:

B1040 (Form 1040) (12/15)

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| JACKIE LOREDA COLLINS | 23-00826 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| Hawaii | Honolulu | Honorable Robert J. Faris |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| /s/ Ofir Raviv | SQUARE ONE LEGAL LLLC<br>OFIR RAVIV 10413<br>1001 Bishop Street, Suite 2850<br>Honolulu, HI 96813<br>O: (808) 201-6000 / F: (808) 650-3080 |
| DATE<br>01/22/2024 |  |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

SQUARE ONE LEGAL LLLC

OFIR RAVIV 10413
FRANK CIOFFI 10773
American Savings Bank Tower
1001 Bishop Street, Suite 2850
Honolulu, HI 96813
O: (808) 201-6000 / F: (808) 650-3080
email: ofir@squareonelegal.com

Attorneys for Plaintiff JACKIE LOREDA COLLINS

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JACKIE LOREDA COLLINS,<br><br>Debtor. | Case No. 23-00826<br>Chapter 7 |
| JACKIE LOREDA COLLINS,<br><br>Plaintiff,<br>vs.<br><br>HUGHES NETWORK SYSTEMS, LLC,<br><br>Defendant. | Adversary Proceeding No.<br><br>**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING.** |

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

INTRODUCTION

1

This is an action for actual and punitive damages filed by TRACY JACKIE LOREDA COLLINS ("Debtor" or "Plaintiff") pursuant to 11 U.S.C. § 362.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

3. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## JURISDICTION AND VENUE

5. Plaintiff in this case is the Debtor in Chapter 7 case number 23-00826 in the United States Bankruptcy Court for the District of Hawaii.

6. Upon information and belief, Hughes Network Systems, LLC, ("Hughes") is a for profit corporation, with its headquarters and mailing address located at 11717 Exploration Lane, Germantown, MD 20876.

FACTS

7. Plaintiff filed a voluntary petition for Chapter 7 bankruptcy with the Clerk of this Court on October 13, 2023.

8. Hughes was listed as an unsecured creditor in Schedule E/F of Plaintiff's voluntary petition under one of its aka names of HugesNet. Huges was listed in the Creditor Matrix attached to Plaintiff's voluntary petition.

9. The Bankruptcy Noticing Center ("BNC") in this case caused a written notice of the filing, of the automatic stay, and of the §341(a) meeting of creditors to be served on Hughes by first class mail on October 18, 2023, on the master mailing matrix and, upon information and belief, such notice was in fact received (Dkt# 8).

10. Plaintiff alleges upon information and belief, that the notice mailed by the Bankruptcy Noticing Center included the following warning to all creditors: "CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically stays certain collection and other actions against the debtors,

3

debtor's property, and certain co-debtors…If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

11. Plaintiff avers that all of these documents were served on Hughes, and received by Hughes, including other documents filed in this case.

12. On or about October 23, 2023, Hughes mailed Plaintiff a monthly account statement listing a Past Due Payment $45.00.

13. On or about October 25, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

14. On or about October 27, 2023, Hughes mailed Plaintiff a non-payment notice.

15. On or about October 27, 2023, Hughes emailed Plaintiff a non-payment notice with a list of payment options.

16. On or about October 31, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

17. On or about November 06, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

18. On or about November 13, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

19. On or about November 22, 2023, Hughes mailed Plaintiff a non-payment notice.

20. On or about November 23, 2023, Hughes mailed Plaintiff a monthly account statement listing a Past Due Payment $49.34.

21. On or about November 23, 2023, Hughes emailed Plaintiff a "View My Bill" notice with a with a payment demand in the amount of $49.34.

22. On or about November 27, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

23. On or about December 02, 2023, Hughes emailed Plaintiff a non-payment notice with a "MAKE PAYMENT" demand button in the center of the email.

24. On or about December 07, 2023, Hughes mailed Plaintiff an account statement listing a Past Due Payment $447.34.

25. On or about January 24, 2024, Hughes emailed Plaintiff a "[R]eminder that your equipment return deadline is quickly approaching..."

26. As a result of these constant and willful actions by Defendants, Plaintiff suffered emotional and mental stress, and other related damages.

<u>First Claim for Relief</u>

27. The allegations in paragraphs 1 through 26 of this complaint are realleged and incorporated herein by this reference.

5

U.S. Bankruptcy Court - Hawaii   #24-90002    Dkt # 1    Filed  01/22/24    Page 7 of 9

28. The action by Defendant of demanding payment is a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a).

29. As a result of the above violations of 11 U.S.C. § 362(a) and this Court's powers under 11 U.S.C. §§ 105 and 362(k), the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

Second Claim for Relief

30. The allegations in paragraphs 1 through 29 of this complaint are real-leged and incorporated herein by this reference.

31. The action by Defendant of demanding payment for pre-petition arrears is an action in contempt of court.

32. As a result of the above violations action in contempt of court pursuant to 11 U.S.C. § 362 and this Court's powers under 11 U.S.C. § 105, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully prays that this Court will enter an Order:

A. Declaring the Defendant in civil contempt by its violation of the automatic stay for its actions on the dates indicated herein;

B. Declaring that Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages;

6

C. Declaring that Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of coercive sanctions;

D. Declaring that Plaintiff has and recovers against Defendant his legal fees and expenses incurred by her attorney pursuant to 11 U.S.C. §362(k); and

E. Declaring that Plaintiff has such additional relief as it deems necessary or proper.

DATED: Honolulu, Hawaii, January 22, 2024.

SQUARE ONE LEGAL LLLC

/s/ Ofir Raviv
OFIR RAVIV 10413
Attorney for Plaintiff
JACKIE LOREDA COLLINS

7